[Civ. No. 20257. First Dist., Div. Two. Oct. 15, 1962.]

HOBBS SHORE, Plaintiff and Appellant, v. CENTRAL CONTRA COSTA SANITARY DISTRICT et al., Defendants and Respondents.

466

Tinning & DeLap and Robert Eshleman for Plaintiff and Appellant.

John A. Bohn, Charles J. Williams, Carlson, Collins, Gordon & Bold, Johnson & Stanton, Gardiner Johnson and Charles J. Heyler for Defendants and Respondents.

SHOEMAKER, J.—Plaintiff Hobbs Shore, a taxpayer and property owner in the Central Contra Costa Sanitary District, brought this action against it, its engineer, secretary and directors, individually and as officers, and McGuire & Hester, a construction firm employed to perform certain work for the district, to recover all sums paid out under the district's contract with McGuire & Hester and to restrain the payment of any further sums. As grounds for this relief, plaintiff alleged that the district had awarded the contract without meeting the requirements of Government Code, section 4004, and Health and Safety Code, section 6515.5.

The relevant facts are as follows: On May 8, 1958, defendant district entered into a contract with the M. Miller Company for the construction of 5,230 feet of outfall sewer line. Prior to awarding this contract, the district had fully complied with the requirements of Government Code, section 4004, and Health and Safety Code, section 6515.5. Section 7-10 of the written contract provided in part as follows: ''If the contractor . . . be guilty of a substantial violation of any provision of this contract, then the District, upon the certificate of the engineer that sufficient cause exists to justify such

action, may . . . after giving the contractor seven (7) days written notice, terminate the employment of the contractor . . . and finish the work by whatever method the District may deem expedient. In such case, the contractor shall not be entitled to receive any further payment until the work is finished. If the unpaid balance of the contract price shall exceed the expense of finishing the work, . . . such excess shall be paid to the contractor. If such expense shall exceed such unpaid balance, the contractor shall pay the difference to the District.'' On December 3, 1959, the board of directors of defendant district adopted a resolution ''declaring the default of the M. Miller Company . . . and fixing conditions under which contractor may be permitted to continue the work.'' Subsequently, on February 17, 1960, the consulting engineers of the district certified to the board of directors that sufficient cause existed to terminate further performance of the contract by M. Miller Company. On March 3, 1960, defendant district elected to terminate the performance of the M. Miller Company pursuant to section 7-10 of the contract. On March 25, 1960, the district made demand upon M. Miller Company's surety to comply with its obligation of faithful performance. The surety refused to do so.

Thereafter, on April 7, 1960, the board of directors of defendant district adopted a resolution determining that an emergency existed and electing to proceed with the work remaining uncompleted under the contract with M. Miller Company. The district then solicited sealed proposals from a selected list of contractors for the completion of the work. The district did not publish notice in accordance with Health and Safety Code, section 6515.5, nor prepare new plans, specifications, and cost estimates in accordance with Government Code, section 4004. On April 21, 1960, the district entered into a contract with defendant McGuire & Hester, the lowest bidder, for the completion of the work originally undertaken by the M. Miller Company. The contract obligated the district to pay costs plus a fixed fee.

Upon this evidence, the trial court found that the district's original contract with the M. Miller Company had been let in strict compliance with Health and Safety Code, section 6515.5, and Government Code, section 4004. It further found that the district, in employing McGuire & Hester, was not letting a new and separate contract but was merely exercising its rights under section 7-10 of its existing contract with the

M. Miller Company. Under such circumstances, the court concluded that Health and Safety Code, section 6515.5, and Government Code, section 4004, were not applicable to the McGuire & Hester contract and the district was under no duty to republish notice requesting bids or to revise its specifications and cost estimates. The court accordingly held the McGuire & Hester contract to be valid and subsisting and all acts performed under it to be lawful. Judgment was rendered in favor of defendants. Plaintiff now appeals.

 It is the general rule that a statute requiring a public agency to let contracts by competitive bidding and by advertising for bids is mandatory for contracts coming within the terms of the statute, and that a contract made without compliance with the statute is void and unenforceable as being in excess of the agency's power. (*Miller* v. *McKinnon* (1942) 20 Cal.2d 83, 87-88 [124 P.2d 34, 140 A.L.R. 570]; *East Bay Garbage Co.* v. *Washington Township Sanitation Co.* (1959) 52 Cal.2d 708, 714 [344 P.2d 289].) In the case at bar, respondent district does not deny that the work covered by the McGuire & Hester contract was of a type which would normally fall within the purview of both sections 4004 of the Government Code and 6515.5 of the Health and Safety Code (as it read at all times here relevant). Indeed, there appears to be no question that a sanitary district such as respondent is subject to both sections. In addition, the lower court expressly found that the cost of the work covered by the McGuire & Hester contract was in excess of the $2,500 minimum specified in section 6515.5.

Respondent asserts, however, that the applicability of both statutes is subject to certain exceptions. It is respondent's position that the case at bar falls squarely within the continuing contract exception on which the lower court apparently based its decision. In support of this contention, respondent relies upon *Garvey School Dist.* v. *Paul* (1920) 50 Cal.App. 75 [194 P. 711]. In that case, a school district, after publishing notice calling for bids in accordance with the applicable statute (Pol. Code, § 1617, subd. 20) awarded a contract to erect a school building to the lowest responsible bidder. The contract, as in the case at bar, contained a clause providing that in the event the contractor refused or neglected to supply sufficient materials or workmen, the district, after giving notice, could finish the work and deduct its reasonable expenses from the contract price. The faithful performance

bond incorporated the terms of the contract. The contractor thereafter ceased work and failed to furnish the necessary labor and material. After due notice to both the contractor and surety to perform or that the district would take over and finish the contract, no action was taken, so the district took charge of the work with the knowledge and consent of the contractor, and let labor and material contracts in its own name. The district did not publish the required notice calling for bids and describing the work to be performed. The district then brought suit on the bond given to insure faithful performance of the contract. The trial court found for the defendants, but the judgment was reversed on appeal, with the court stating: ''In the present action the contract was not abandoned by the contractor, nor was it abandoned by the school district. The contractor had failed to complete the work. The school district insisted upon its completion in accordance with its terms. In proceeding to do the work . . . the school district was proceeding in accordance with the terms of a contract still in existence, which had been let according to law, and which by its terms provided for the then existing emergency. The provision thus made was a part of the contract of suretyship. The public interests which were intended to be guarded by the provisions of section 1617, subdivision 20, of the Political Code, were fully protected by this procedure.'' (Pp. 79-80.) Respondent district contends that its contract with McGuire & Hester was similarly a mere continuation of its existing, and admittedly legal, contract with the M. Miller Company. Under such circumstances, respondent asserts that the trial court was correct in holding the competitive bidding statutes inapplicable to the McGuire & Hester contract.

Appellant, on the other hand, contends that the earlier California case of *Foxen* v. *City of Santa Barbara* (1913) 166 Cal. 77 [134 P. 1142], ought to be deemed controlling. In that case, the city had employed a contractor to build certain tunnels to develop water for its inhabitants. Subsequently, with the consent of the city, the contractor abandoned the work, and the city water commissioners thereafter employed others to complete the work. In so doing, the commissioners failed to comply with a charter provision requiring contracts over a certain sum to be let to the lowest responsible bidder. The court held that the city had no power to let contracts without meeting this requirement. Its action of employing

others to complete the tunnels was therefore ultra vires, and the contracts were absolutely void.

In the *Garvey* decision, the court took pains to distinguish the *Foxen* case, and noted that the contractor had there *abandoned* its contract with the consent of the city. (See *Garvey School Dist.* v. *Paul, supra,* p. 79.) Since the original contractual relationship was thus terminated, the city could not ignore the competitive bidding requirement in securing a new contract to complete the work. The Garvey court then went on to distinguish the facts before it by pointing out that the contract had *not* been abandoned by either party, but that the contractor had failed to complete the work; that the school district had insisted upon the performance of the original contract; and that by taking over the work the district had acted in accordance with the terms of the contract and the suretyship clause. Under such circumstances, there was clearly no possibility of loss to the taxpayers of the district. Since the original contractor was still required to bear the costs, public interests were fully protected.

In the case at bar, the record is devoid of any evidence that respondent district abandoned its contract with the M. Miller Company. To the contrary, the lower court expressly found that the district, in employing McGuire & Hester, was not letting a new and separate contract, but was merely exercising its rights under section 7-10 of its existing contract with the M. Miller Company. Under such circumstances, the present case would appear to fall squarely within the rationale of the *Garvey* decision. Since the McGuire & Hester contract constituted a mere step in completion of respondent's original, and admittedly legal, contract with the M. Miller Company, the lower court was clearly correct in concluding that respondent was under no obligation to republish notice requesting bids or to revise its specifications and cost estimates.

Judgment affirmed.

Kaufman, P. J., and Agee, J., concurred.

A petition for a rehearing was denied October 29, 1962, and appellant's petition for a hearing by the Supreme Court was denied December 12, 1962.